IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

JOSEPH LEBLANC and
FLORENCE LEBLANC,

      Plaintiffs,

vs.                CASE NO.: 8:07-cv-943-T-26MAP

NCO FINANCIAL SYSTEMS, INC.;
FINANCIAL RECOVERY SERVICES,
INC.; "JONATHAN JACOBS";
"CLARISSA QUINERLY"; "ROBIN
ROBINSON"; "RICHARD JOYNER";
"KEVIN SAVAGE"; "SEAN JONES";
"ANDRE BODY"; "TRAVIS RAEBURN";
"HOWARD BOLIVA"; "MS. BAXTER";
and ONE OR MORE "JOHN OR JANE SMITHS",

      Defendants.
_____/

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
(Unlawful Debt Collection Practices)

PART I: INTRODUCTION

1. This is an action for damages brought by individual consumers for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts; and the Florida

Consumer Collection Practices Act, Chap. 559, Florida Statutes ("FCCPA"), which prohibits all persons from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.

2. The debt sought to be collected by the defendants herein was a consumer debt within the meaning of the FDCPA and the FCCPA.

3. The plaintiffs have retained the below-signed attorneys and are obligated to pay them a reasonable fee for their services.

## PART II: JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C., § 1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

5. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PART III: PARTIES

6. Plaintiffs Joseph LeBlanc and Florence LeBlanc are natural persons residing in Hillsborough County, Florida, which is in the Middle District of Florida, Tampa Division.

7. The defendants herein are as follow:

a. NCO Financial Systems, Inc. is a corporation formed under the laws of the state of Pennsylvania, with its headquarters being located in Horsham, Pennsylvania.

b. Financial Recovery Services, Inc. is a corporation formed under the laws of the state of Minnesota, with its headquarters being located in Edina, Minnesota.

c. "Jonathan Jacobs" is believed to be a natural person who at all times material hereto acted as an agent or representative of Financial Recovery Services, Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

d. "Clarissa Quinerly" is believed to be a

natural person who at all times material hereto acted as an agent or representative of NCO Financial Systems, Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

e. "Robin Robinson" is believed to be a natural person who at all times material hereto acted as an agent or representative of NCO Financial Systems, Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

f. "Richard Joyner" is believed to be a natural person who at all times material hereto acted as an agent or representative of NCO Financial Systems, Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

g. "Kevin Savage" is believed to be a natural person who at all times material hereto acted as an agent or representative of NCO Financial Systems,

Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

h. "Sean Jones" is believed to be a natural person who at all times material hereto acted as an agent or representative of NCO Financial Systems, Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

i. "Andre Body" is believed to be a natural person who at all times material hereto acted as an agent or representative of NCO Financial Systems, Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

j. "Travis Raeburn" is believed to be a natural person who at all times material hereto acted as an agent or representative of NCO Financial Systems, Inc. It is unknown at this point where this person resides or whether this is a true person's

name or a false "desk name."

k. "Ms. Baxter" is believed to be a natural person who at all times material hereto acted as an agent or representative of NCO Financial Systems, Inc. It is unknown at this point where this person resides or whether this is a true person's name or a false "desk name."

l. Defendants "one or more John or Jane Smiths" are employees or agents of defendant NCO Financial Systems, Inc., whose true names are unknown at this time, but are expected to be identified and added as parties defendant as discovery proceeds.

8. All defendants are "debt collectors" as defined by the FDCPA at 15 U.S.C., Section 1692a(6). All defendants are subject to the provisions of the FCCPA.

## PART IV: FACTUAL ALLEGATIONS

9. The plaintiffs have been the objects of consumer debt collection activity by the defendants, which activity occurred within one year prior to the

date of filing this action.

10. In the course of the above-said consumer debt collection activity, the defendants engaged in or committed one or more acts or omissions in violation of one or more provisions of both the FDCPA and the FCCPA.

## COUNT I: CLAIM FOR VIOLATIONS OF FDCPA

11. Plaintiffs reallege and incorporate herein by reference the paragraphs contained in Parts I, II, III, and IV above.

12. As a result of violating the FDCPA, all defendants are liable to the plaintiffs for statutory damages of $1,000.00 per defendant, together with actual damages, costs, and attorneys fees, all as provided in 15 U.S.C. § 1692k.

## COUNT II: CLAIM FOR VIOLATIONS OF FCCPA

13. Plaintiff realleges and incorporates herein by reference the paragraphs contained in Parts I, II, III, and IV above.

14. As a result of violating the FCCPA, all

defendants are liable to the plaintiffs for statutory damages of $1,000.00 per defendant, together with actual damages, costs, and attorneys fees, all as provided at § 559.77, Florida Statutes.

15. The FCCPA, at § 559.77(2), Fla. Stat., provides for the imposition of punitive damages against offending parties within the discretion of the Court, and such damages may be claimed by the plaintiff now. Cohen v. Office Depot, 184 F.3d 1292 (11th Cir. 1999); reaffirmed, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). The plaintiffs accordingly request that the Court exercise such discretion and impose punitive damages on the defendants herein upon the showing of abuse and harassment of the plaintiffs through various violations of both the FDCPA and the FCCPA.

WHEREFORE, plaintiffs demand judgment against the defendants, as indicated above, for the following:

a. Actual and statutory damages pursuant to 15 U.S.C. § 1692(k);

b. Actual and statutory damages pursuant to §
559.77, Fla. Stat.;

c. Punitive damages pursuant to § 559.77(2);

d. Costs and attorneys' fees pursuant to both
15 U.S.C. § 1692 and § 559.77(2), Fla. Stat.;

e. Such other and further relief as the Court
may deem to be just and proper.

f. Plaintiffs demand trial by jury in this
action.

s/ Timothy Condon
TIMOTHY CONDON, TRIAL COUNSEL
FBN  217921  Email tim@timcondon.net
FREDERICK W. VOLLRATH, CO-COUNSEL
FBN 165812  Email fredvollrath@aol.com
VOLLRATH-CONDON, P.A.
P.O. Box 1007, Tampa, Florida 33601
Tel. 813-251-2626  Fax 813-254-2979
COUNSEL FOR PLAINTIFFS