**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH LEBLANC, and
FLORENCE LEBLANC,

     Plaintiffs,

v.                                  CASE NO: 8:07-cv-943-T-26MAP

NCO FINANCIAL SYSTEMS, INC.,
ROBIN ROBINSON, CLARISSA QUINERLY,
TRAVIS RAEBURN, RICHARD JOYNER,
HOWARD VOLIVA, QUASSIN JOHNSON,
a/k/a QAASIM JOHNSON, ANDRE BOYD,
KEVIN SAVAGE, SEAN JONES
MS. BAXTER, and one or more JOHN OR
JANE SMITHS,

     Defendants.

_____/

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction filed

by NCO Financial Systems, Inc. (NCO), Clarissa Quinerly, Robin Robinson, Howard Voliva and

Quassin Johnson (Dkt. 48), the affidavit of Mike Noah (Dkt. 49), and Plaintiffs' Memorandum in

Opposition. (Dkt. 55). After careful consideration of the Motion to Dismiss the four individual

Defendants listed above, the allegations of the Third Amended Complaint (Dkt. 22), and the

applicable law, the Court concludes that the represented Defendants Quinerly and Robinson

should be dismissed from this action for lack of personal jurisdiction. Unrepresented Defendants

Voliva and Johnson must remain.

### **PERTINENT ALLEGATIONS AND AVERMENTS**

In this action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq*. (FDCPA) and the Florida Consumer Collection Practices Act, section 559.55, *et*

*seq*., Florida Statutes (FCCPA), Defendants Quinerly and Robinson are current employees of

NCO, and Defendants Voliva and Johnson are former employees of NCO.[1]  None of these four

individual Defendants worked or resided in Florida.  According to an attachment to the Third

Amended Complaint, each of three of them had only one contact with Plaintiff Joseph LeBlanc,

and one had no contact.[2]  Mike Noah, the Senior Vice-President of NCO, avers in his affidavit

that "any and all calls initiated by NCO that were directed to plaintiffs were made from an NCO

automated dialer system."[3]  He avers that "none of the collectors initiated a manual call directed

to plaintiffs."[4]  According to Mr. Noah, it was Mr. LeBlanc who initiated the calls to NCO.[5]

The chronology attached to the Third Amended Complaint reveals that Mr. Robinson

spoke with Mr. LeBlanc once on May 26, 2006, about his failure to pay his credit card bill, and

Mr. LeBlanc provided the name and telephone number of his attorney.[6]  The next identified

telephone contact was initiated by Mr. LeBlanc on June 6, 2006, who was returning a telephone

call to NCO.  He reached Ms. Quinerly.[7]  After this telephone conversation with Mr. LeBlanc,

---

[1]  NCO makes the same argument for all four Defendants even though it does not represent the former employees of NCO.  As NCO's counsel's asserts, it behooves NCO to assert defenses to the claims, and in that vein, NCO seeks the dismissal of the Third Amended Complaint as to the two former employees so as to avoid default judgments and any attendant vicarious liability for the acts of its former employees.  NCO's counsel, however, has provided no authority to permit it to represent former employees.

[2]  See docket 22 at Exh. A—a chronology of events with NCO employees.

[3]  See docket 49 at para. 3.

[4]  See docket 49 at para. 3.

[5]  See docket 49 at para. 3.

[6]  See docket 22 at Exh. A.

[7]  See docket 22 at Exh. A.

Ms. Quinerly telephoned his attorney, Mr. Condon.[8]  Mr. Condon told Ms. Quinerly that Mr.

LeBlanc did not have the money to pay the bill.  The telephone call placed to Mr. Condon was

the only call initiated by Ms. Quinerly.

Mr. LeBlanc returned another telephone call to NCO on June 13 or 14, 2006.[9]  Mr.

Joyner answered the telephone, and the two had a conversation about the credit card account.

After that conversation, Mr. Condon telephoned Mr. Joyner and reiterated that Mr. LeBlanc did

not have the money to pay the credit card bill.[10]  Following this conversation, there were many

recorded messages left on Mr. LeBlanc's telephone.[11]  Mr. LeBlanc returned these calls at some

point between June 24, 2006, and July 3, 2006.[12]  This time he spoke with Mr. Savage.  On July

6, 2006, Mr. LeBlanc again returned a call to NCO, and he spoke with Mr. Jones.  Mr. LeBlanc

returned another call on July 11, 2006, and spoke with Mr. Boyd.[13]  He returned other calls on

July 24, 2006, and spoke with Mr. Raeburn.  After a dunning letter was sent on August 5, 2006,

Mr. LeBlanc received a telephone call from Mr. Voliva on October 11, 2006.[14]  Mr. LeBlanc

gave Mr. Voliva the name and number of his attorney.  None of the allegations or averments of

Plaintiffs' state that Mr. Johnson of NCO ever spoke with Mr. LeBlanc.

---

[8]  See docket 22 at Exh. A.

[9]  See docket 22 at Exh. A.

[10]  See docket 22 at Exh. A.

[11]  See docket 22 at Exh. A.

[12]  See docket 22 at Exh. A.

[13]  See docket 22 at Exh. A.

[14]  See docket 22 at Exh. A.

## ANALYSIS

To determine personal jurisdiction over non-resident individuals, as in this case, courts

employ a two-prong test.[15]  See Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th

Cir. 1996).  First, the court must analyze whether Florida's long-arm statute permits the exercise

of personal jurisdiction over the defendants.  If the long-arm statute provides a basis for

jurisdiction, then the court must apply the due process test of whether constitutional minimum

contacts exist between the defendants and the forum state sufficient to satisfy "the traditional

notions of fair play and substantial justice."  Id. at 626 (citing Robinson v. Giarmarco & Bill,

P.C., 74 F.3d 253, 256 (11th Cir. 1996) (quoting International Shoe Co. v. Washington, 326 U.S.

310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  The federal courts must construe the long-arm

statute "as would the Florida Supreme Court."  Robinson, 75 F.3d at 256 (quoting Madara v.

Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).  Florida's long-arm statute "bestows broad

jurisdiction on Florida courts."  Execu-tech Bus. Sys., Inc. v. New Oji Paper Co. Ltd., 752 So.2d

582, 584 (Fla. 2000).

After the plaintiff makes the prima facie case for personal jurisdiction through the

allegations of the complaint, then the defendant may contest jurisdiction with the use of

affidavits, documents or other evidence.  If a defendant challenges jurisdiction through

affidavits, as in this case, the burden shifts to the plaintiff to prove jurisdiction.  Sculptchair, 94

---

[15]  "When jurisdiction is based on a federal question arising under a statute that is silent
regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires that both
assertion of jurisdiction and service of process be determined by state amenability standards, or
the state long-arm statute."  Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829,
855 (11th Cir. 1990).  Jurisdiction in this case is based on federal question jurisdiction as an
action brought pursuant to the FDCPA. The FDCPA does not provide for service of process.  See
Krambeer v. Eisenberg, 923 F.Supp. 1170, 1173 (D.Minn. 1996). Therefore, both the long-arm
statute and due process concerns must be satisfied.

F.2d at 627 (quoting Jet Charter Serv., Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1990), cert.

denied, 499 U.S. 937, 111 S.Ct. 1390, 113 L.Ed.2d 447 (1991)).  If any discrepancies in the

evidence exist, all reasonable inferences must be drawn in favor of the plaintiff.  See

Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990).

The applicable long-arm statute provides as follows:

> (1) Any person, whether or not a citizen or resident of this state,
> who personally or through an agent does any of the acts
> enumerated in this subsection thereby submits himself or herself. .
> . to the jurisdiction of the courts of this state for any cause of
> action arising from the doing of any of the following acts:
>
> (b) Committing a tortious act within this state.

§ 48.193(1)(b), Fla. Stat..  Florida case law addresses long-arm jurisdiction as to the specific act

of placing or making telephone calls into the state of Florida from outside the state, when the

cause of action arises from the act of placing or making the call.  See Acquadro v. Bergeron, 851

So.2d 665 (Fla. 2003); Wendt v. Horowitz, 822 So.2d 1252 (Fla. 2002); Texas Guaranteed

Student Loan Corp. v. Ward, 696 So.2d 930 (Fla.Dist.Ct.App. 1997), *disapproved of in part by*

Acquadro v. Bergeron, 851 So.2d 665 (Fla. 2003).[16]  In Ward, the plaintiff sought relief against a

---

[16]   Plaintiffs cite three cases which found that the conduct of a foreign corporate
defendant in the business of collecting debts constituted the tortious act necessary under the
FDCPA for personal jurisdiction over the corporate defendant.  See Bailey v. Clegg, Brush and
Assocs., Inc., No. 1:90-cv-2702-CAM, 1991 WL 143461 (N.D. Ga. 1991); Griffin v. Collection
Serv. Bureau, Inc., No. 8:92-cv-748-UA (M.D. Fla. 1993); Vlasak v. Rapid Collection Sys., Inc.,
962 F.Supp. 1096, 1100 (N.D. Ill. 1997).  Bailey involves the Georgia long-arm statute which,
although appears to contain the same language regarding commission of a tort in the state as
Florida's, would not necessarily be construed the same by Florida courts.  Bailey, however,
involves a corporate defendant in the business of collecting debts owed by consumers to third
parties, and not individual employees of that corporation.  Like Bailey, the Vlasak case involves
a corporate defendant in the business of collecting debts, not individual employees of that
company.  The judge in Vlasak found that under Illinois' long-arm statute concerning
commission of a tort in the state and the due process minimum contacts analysis, jurisdiction
over the corporate defendant would be exercised.  With respect to Griffin, a 1992 closed case,
the Court has been unable to locate any specific order involving personal jurisdiction.

Texas corporation under the FDCPA for defamation and other causes of action arising from the

plaintiff's receipt of debt collection letters and telephone calls in Florida.  Analyzing section

48.193(1)(b), which is committing a tortious act within the state, the court found that the injury

alone in Florida was insufficient to justify personal jurisdiction over the foreign corporation.

The Florida Supreme Court in Acquadro, however, disapproved Ward to the extent that "the

decision holds that telephonic or electronic communications may not serve as the basis for

personal jurisdiction."  Acquadro, 851 So.2d at 671 n. 11.  In Acquadro, the Florida Supreme

Court reiterated its prior holding in Wendt, that "telephonic, electronic, or written

communications into Florida may form the basis for personal jurisdiction under section

48.193(1)(b) if the alleged cause of action arises from the communications."  Acquadro, 851

So.2d at 670, (quoting Wendt, 822 So.2d at 1260).

On its face, each of the three single telephone calls made by three of the individual

Defendants, may meet the requirement of the Florida long-arm statute involving the commission

of a tort in the state of Florida.  See § 48.193(1)(b), Fla. Stat.  Regardless of whether these lone

communications actually do satisfy Florida's long-arm statute for the commission of a tort within

the state, however, the important issue is whether the more restrictive second prong involving

due process concerns for minimum contacts and notions of fair play can be met.  Based on the

following observations, the Court finds that under the circumstances of this case, personal

jurisdiction over these four particular individual defendants has not been established.

None of the authorities cited by Plaintiffs addresses personal jurisdiction over an

employee of a corporate debt collector.  The issue here is whether the four individual employees,

three of whom telephoned Mr. LeBlanc only once and the fourth, who never contacted Mr.

LeBlanc at all, should reasonably anticipate being haled into court in Florida.[17]  The Court finds

that these individual Defendants would not.  Not only was the one or no contact insufficient to

establish minimum contacts, but the corporate shield doctrine would apply to protect the

individuals.  See Doe v. Thompson, 620 So.2d 1004, 1006 (Fla. 1993) (holding that "it is unfair

to force an individual to defend a suit brought against him personally in a forum with which his

only relevant contacts are acts performed not for his own benefit but for the benefit of his

employer.").  Employees of a corporate debt collector placing calls or sending letters into the

state for the benefit of their corporate employer should not be expected to be hailed into Florida.

Consequently, the Court finds that personal jurisdiction over these four individual Defendants

has not been shown, but grants the motion as to only the two current employees represented by

NCO.

It is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss for Lack of

Personal Jurisdiction Defendants Quinerly, Robinson, Voliva, and Johnson (Dkt. 48) is

**GRANTED** as to Defendants Quinerly and Robinson and **DENIED** as to Defendants Voliva and

Johnson.  The case shall proceed as to all remaining Defendants.

**DONE AND ORDERED** at Tampa, Florida, on March 28, 2008.


　　　　　　　　　　　s/*Richard A. Lazzara*
　　　　　　　　　　　**RICHARD A. LAZZARA**
　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record

---

[17]   See Possner v. Essex Ins. Co., 178 F.3d 1209, 1220 (11th Cir. 1999).